UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA KIWI, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RUI WEN, INC., a California corporation,<br><br>　　　　Defendant. | No. 2:13-cv-1334-LKK-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

On August 20, 2013, plaintiff, Sierra Kiwi, Inc., filed a motion for entry of default judgment against defendant, Rui Wen, Inc.[1]  For the reasons stated below, the motion should be granted.

I.　BACKGROUND

According to the complaint, plaintiff is a California corporation that engages in the business of buying and selling wholesale perishable agricultural commodities.  Compl. ¶¶ 1-2. Defendant, a California corporation was licensed, or subject to a license, under the Perishable Agricultural Commodities Act ("PACA") of 1930. *Id*. at ¶ 7.  Between July 2010 and October 2010, plaintiff sold and shipped perishable agricultural commodities to defendant at defendant's

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1    request, which defendant accepted. *Id*. at ¶¶ 8, 10.  In exchange, defendant agreed to pay plaintiff
2    for the perishable agricultural commodities. *Id*. at ¶ 8.  At or about the date of each transaction,
3    plaintiff would forward defendant an invoice for the transaction, which set forth in detail the
4    amount defendant owed for its purchase. *Id*. at ¶ 9.  The total amount defendant owed for the
5    receipt of perishable agricultural commodities shipped by plaintiff between July 2010 and
6    October 2010 totaled $56,166.00. *Id*. at ¶¶ 8-10.  On or around October 20, 2010, defendant paid
7    plaintiff $16,265.00, leaving an unpaid balance of $39,901.00. *Id*. at ¶ 11.  Plaintiff alleges that it
8    has repeatedly demanded defendant pay the remaining amount due, but defendant has refused to
9    satisfy the remaining balance owed. *Id*. at ¶12.

10        Plaintiff subsequently initiated a reparations proceeding under PACA by filing a
11   complaint with the United States Department of Agriculture. *Id*. at ¶¶ 19-20, Ex 1.  On February
12   28, 2012, the Secretary of Agriculture ("Secretary") issued a default order against defendant
13   requiring defendant to pay plaintiff the sum of $39,901.00 with interest accruing at a rate of .17%
14   per annum from November 1, 2010 until paid, plus an additional $500.00 for the handling fee
15   plaintiff paid to file its complaint. *Id*. at ¶ 19; Ex. B.[2]

16        On July 3, 2013, plaintiff initiated this action.  ECF No. 1.  The complaint contains three
17   causes of action.  The first seeks enforcement of the February 28, 2012 default order.  *Id*. at
18   ¶¶ 15-20.  The second alleges a violation of 7 U.S.C. §499b(4), for failure to promptly pay
19   plaintiff for the agricultural commodities delivered to defendant. *Id*. at ¶¶ 21-26.  The last cause
20   of action, money owed on a book account, alleges that defendant continues to owe $39.901.00 on
21   an open book account for agricultural commodities defendant agreed to purchase from plaintiff.
22   *Id*. at ¶¶ 27-30.  Under each cause of action, plaintiff requests an order from this court directing
23   defendant to immediately pay plaintiff $39.901.00, plus interest, as specified in the February 28,
24   2012 default order. *Id*. at ¶¶ 20, 26, 30.
25   /////
26   
27   [2]  Although plaintiff alleges that the Secretary ordered defendant to pay interest at a rate of 17 percent, Compl. ¶ 19, the default order, which is attached to the complaint as Exhibit B, shows
28   that defendant was ordered to pay interest at a rate of .17 percent.

Plaintiff filed a proof of service with the court that demonstrates that on July 16, 2013, plaintiff, through a process server, personally served process on Jennifer C N Lau, the person authorized to accept service of process on behalf of defendant. ECF No. 8-1.

On August 12, 2013, plaintiff requested the Clerk enter default against defendant, ECF No. 10, which was entered on August 14, 2013, ECF No. 11. On August 20, 2013, plaintiff filed the instant application for default judgment, ECF No. 12, and served a copy of the motion via mail on defendant, ECF No. 12-1, Ex. 4. The application seeks judgment on plaintiff's claims for enforcement of a reparations order, 7 U.S.C. § 499g(b), violation of PACA, 7 U.S.C. § 499b(4), and violation of California Code of Civil Procedure § 337a.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

/////

/////

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III.    DISCUSSION

    A.    <u>Appropriateness of the Entry of A Default Judgment Under the *Eitel* Factors</u>

        1.    <u>Factor One: Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse for recovery. Accordingly, the first *Eitel* factor favors the entry of a default judgment.

        2.    <u>Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint</u>

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

            a)    <u>Enforcement of the default order pursuant to 7 U.S.C. § 499g(b) and violation of 7 U.S.C. § 499b(4)</u>

7 U.S.C. § 499g(b) provides that if any merchant "does not pay the reparation award within the time specified in the Secretary's order, the complainant . . . may within three years of

4

the date of the order file in the district court of the United States for the district in which he resides . . . a petition setting forth briefly the causes for which he claims damages." According to the complaint, plaintiff is a California corporation with its principle place of business in Marysville, California, which is located within this district. Since plaintiff resides in this district, it may properly seek enforcement of the default order in this court.

Pursuant to 7 U.S.C. § 499g(b), "the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated." Courts have interpreted this to mean that the "Secretary's findings [have] conclusive effect unless effectively rebutted." *Mrs. Condies Salad Co., Inc. v. Colorado Blue Ribbon Foods, LCC*, 858 F. Supp. 2d 1212, 1219 (D. Col. 2012) (quoting *Genecco Produce, Inc., v. Sol Grp. Mktg. Co.*, No 04-CV-6282 CJS, 2006 WL 328385, * 4 (W.D.N.Y. Feb 9, 2006). PACA makes it unlawful for any commission merchant "to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had . . . ." 7 U.S.C. § 499b(4). The regulations define the term "full payment promptly" to mean "[p]ayment for produce purchased by a buyer, within 10 days after the day on which the produce is accepted." 8 C.F.R. § 46.2(aa)(5).

Plaintiff alleges that between July 2010 and October 2010, it sold and shipped perishable agricultural commodities to defendant. Compl. ¶ 8. Defendant accepted these shipments and agreed to pay plaintiff for the perishable agricultural commodities. *Id*. at ¶¶ 8, 10. Plaintiff sent defendant invoices detailing the amount defendant owed for its purchases, which totaled $56,166.00. *Id*. at ¶ 9. On October 30, 2010, defendant paid plaintiff $16,262.00, leaving an unpaid balance of $39,901.00. *Id*. at ¶ 11. Plaintiff further alleges that at the time of these transactions, defendant was licensed, or subject to a license, under PACA. *Id*. at ¶ 3. Furthermore, the Secretary found that defendant violated 7 U.S.C. 499b, and that defendant was required to pay plaintiff as reparation $39,901.00, with interest thereon at the rate of .17 percent per annum from November 1, 2010, plus $500. *Id*. at Ex. B.

/////

/////

These well-pleaded facts are sufficient to support plaintiff' claim that defendant violated 7 U.S.C. § 499b(4). Accordingly, these two factors favor an entry of default judgment on plaintiff's first two causes of action.

### b) Money Due on an Open Book Account

Plaintiff's third claim pleads a state law claim for money due on an open book account. An open book account is defined as "a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor." *In re Roberts Farms, Inc.*, 980 F.2d 1248, 1252 (9th Cir. 1981) (citing Cal. Civ. P. Code § 337a). The detailed statement must be kept "(1) in a bound book, or (2) on a sheet or sheets fastened to a book or to backing but detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner." Cal. Civ. P. Code § 337a.

Plaintiff alleges that on or around the date of each transaction, plaintiff forwarded to defendant invoices for the transactions which detailed the amount owed by defendant for its purchase. Compl. ¶ 9. Plaintiff attached to its complaint two invoices, one from August 24, 2010, and the other from October 26, 2010, detailing the quantity of each item purchased, the price per unit for each item, and the total amount owed. *Id*. at Ex. A. Plaintiff further alleges that defendant has become indebted to plaintiff in the amount of $56,166.00. *Id*. at ¶ 28. Plaintiff also alleges that notwithstanding its demands for payment, the total amount, except for the sum of $16,265.00, has not been paid. *Id*. at ¶¶ 11-13.

The invoices submitted by plaintiff are detailed statements constituting a principal record. *See In re Roberts Farms*, 980 F.2d at 1252-53 (holding that ledger cards, time sheets, and billing statements constituted detailed permanent records for purpose of California Code of Civil Procedure § 337a); *Xerox Corp. v. A&M Printing*, No. CV 12-0043 MMM, 2013 WL 2180927 (C.D. Cal. May 20, 2013) (holding that invoices constitute a principal record held in a permanent form). Thus, plaintiff has alleged facts that support its claim that defendant owed it money on an open book account, which it has refused to pay. Accordingly, the merits of plaintiff's claim and the sufficiency of the pleadings favor entry of default judgment.

/////

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Because the sum of money at issue is significant, this factor arguably weighs against entry of default.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

The record before the court demonstrates that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff first served process on defendant's authorized agent on July 16, 2013. ECF No. 8-1. Defendant was also served a copy of the instant motion and the complaint via mail on August 20, 2013. ECF No. 12-1. Furthermore, the order of entry of default entered by the Secretary reflects that defendant was served a copy of the complaint in that action, but failed to file an answer. Compl. Ex. B. These circumstances suggests that defendant has chosen not to defend itself in this action, and not that the default resulted from any excusable neglect. Accordingly, this *Eitel* factor favors the entry of default judgment.

### 6. Factor Seven: The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing

1  alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.

2  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.

3  Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at

4  *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal.

5  June 26, 2009). Accordingly, although the court is cognizant of the policy in favor of decisions

6  on the merits that policy does not, by itself, preclude the entry of a default judgment.

7      Application of the *Eitel* factors here, on balance, favors granting plaintiff's motion for

8  default judgment. However, it remains to be determined what amount of damages should be

9  included in the judgment.

10      B.    <u>Damages</u>

11      After determining that a party is entitled to a default judgment, the court must determine

12  the terms of the judgment to be entered. Here, plaintiff's briefing and the record before the court

13  in this case, including the declaration submitted by plaintiff's counsel, shows that plaintiff is

14  entitled to an award of damages in the amount of $39,901.00, plus interest, as a result of

15  defendant's failure to pay plaintiff for perishable agricultural commodities it received.

16      With respect to damages, 7 U.S.C. § 499g(b) provides, "Such suit in the district court shall

17  proceed in all respect like other civil suits for damages, except that the findings and orders of the

18  Secretary shall be prima-facie evidence of the facts therein stated . . . ." The default order entered

19  by the Secretary found that defendant "shall pay [plaintiff] as reparation $39,901.00, with interest

20  thereon at the rate of .17 percent per annum from November 1, 2010, until paid, plus the amount

21  of $500." Compl., Ex B. Defendant has failed to pay plaintiff the money owed for the perishable

22  agricultural commodities it received. Underwood Decl. ¶ 12. Therefore plaintiff is entitled to

23  damages in the amount ordered by the Secretary.

24      C.    <u>Costs and Attorney's Fees</u>

25      Plaintiff also requests $4,000 in attorney's fees and $464.92 in costs for filing this action.

26  7 U.S.C. § 499g(b) also provides that any party filing suit in a district court to enforce an order of

27  the Secretary "shall not be liable for costs in the district court." That section further provides that

28  "[i]f the petitioner finally prevails, he shall be allowed a reasonable attorney's fee, to be taxed and

collected as a part of the costs of the suit." 7 U.S.C. § 499g(b). Local Rules 292 and 293 provide that motions for awards of attorneys' fees and costs shall be filed not later than 28 days after the entry of final judgment. *See* E.D. Cal. L. R. 292, 293. Rule 293 further requires a party seeking an award of attorney's fees to submit an affidavit addressing certain criteria that the court will consider in determining whether an award of attorney's fees is appropriate. *See* E.D. Cal. L. R. 293(b) and (c). The local rules also provide that "[w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. E.D. Cal. L. R. 292. Pursuant to 28 U.S.C. § 1924, a party claiming any item of cost must submit a bill of costs and attach thereto an affidavit demonstrating that the "item is correct and has been necessarily incurred in the case . . . ."

Plaintiff has not submitted an affidavit addressing the criteria listed in Local Rule 293. Plaintiff has also failed to submit a bill of cost conforming to 28 U.S.C. § 1924. *See* E.D. Local Rule 292. Accordingly, plaintiff's request for attorney's fees and costs shall be addressed in a motion filed in conformance with Local Rules 292 and 293.

IV. <u>CONCLUSION</u>

For the reasons stated above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment, ECF No. 12, be GRANTED;

2. The court enter judgment against defendant in the amount of $39,901.00, with interest thereon at a rate of .17 percent per annum from November 1, 2010 until paid, plus $500.00;

3. Plaintiff's request for costs and attorney's fees be denied without prejudice to a motion brought under Local Rules 292 and 293; and

4. The Clerk be directed to terminate ECF No. 10.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE